# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |  | |
|---|---|---|---|
| **WALTER D. NICHOLAS, ET AL.,** | ) | | |
| | ) | | |
| **PLAINTIFFS** | ) | | |
| | ) | | |
| v. | ) | **CIVIL NO. 11-73-P-H** | |
| | ) | | |
| **SAXON MORTGAGE SERVICES, INC.,** | ) | | |
| | ) | | |
| **DEFENDANT** | ) | | |

## ORDER ON MOTION TO DISMISS

This is a dispute between two Maine homeowners/mortgagors and the Texas servicer of their mortgage. The plaintiffs filed their lawsuit in Cumberland County Superior Court. The defendant removed it to this court, claiming federal jurisdiction based upon diversity of citizenship. Notice of Removal at 2 (Docket Item 1). I now **GRANT IN PART** the defendant's motion to dismiss the complaint for failure to state a claim upon which relief may be granted.

As it is pleaded, Count I (injunctive relief) is not a cause of action but a remedy that is sometimes available if liability is established on the basis of state substantive law. While I would entertain a request for such a remedy if other counts of the complaint stated a claim for relief, it cannot survive on its own.

Count III, fraud, fails to state a claim of fraud under Maine law. The complaint alleges a false statement in the defendant's accusing the plaintiffs of

"default on their mortgage obligation," Compl. ¶ 38 (Docket Item 1-2), and in stating the amounts due on April 16, 2010, and April 17, 2010, id. ¶ 39. For the necessary element of reliance, Darling v. W. Thrift & Loan, 600 F. Supp. 2d 189, 197 (D. Me. 2009) (citing Guiggey v. Bombardier, 615 A.2d 1169, 1173 (Me. 1992)), the complaint alleges that the fraud "induced the Plaintiffs to apply for a modification of their mortgage resulting in larger payments to the Defendant than required by the original mortgage documents." Compl. ¶ 42. But the complaint alleges that the application for a modification occurred on July 1, 2009, id. ¶ 11, and does not allege that the defendant claimed default until April 16, 2010. Id. ¶ 19. Thus, as pleaded, any fraud in declaring default or any fraud in stating the amounts due chronologically could not have caused the detriment the plaintiffs are claiming.

Count IV, negligent misrepresentation, has the same defect as Count III. See Bradley v. Kryvicky, 574 F. Supp. 2d 210, 221 (D. Me. 2008) (citing Rand v. Bath Iron Works Corp., 832 A.2d 771, 774 (Me. 2003)).

Count II seeks an accounting. An equitable accounting can be a cause of action for unjust enrichment. Andrew M. Horton & Peggy L. McGehee, *Maine Civil Remedies* ch. 8 at 199-203 (4th ed. 2005). But the amounts challenged by the plaintiffs[1] come nowhere near the statutory amount in controversy of $75,000 necessary to support federal jurisdiction for diversity of citizenship. See 28 U.S.C. § 1332(a).

---

[1] The plaintiffs point out the discrepancies among the defendant's claim of $8,728.60 on April 16, 2010, and $14,867.88 on April 17, 2010, and the plaintiffs' own calculation of $674.03 as of February 28, 2010. Compl. ¶¶ 34-35.

The remaining two counts, Count V and VI, seek remedies under Maine's Consumer Credit Code and Maine's Unfair Trade Practices Act, respectively. Count V claims inappropriate late fees, the placing of one payment into a "separate suspense account" that made the plaintiffs' account "appear even further delinquent," and failure to provide a timely and accurate total outstanding balance statement. Compl. ¶¶ 50-54. I am highly doubtful that these alleged violations can support the jurisdictional amount requirement of $75,000. Count VI alleges that the defendant obtained higher payments from July 2009 through March 2010 "even though the Defendant knew the Plaintiff did not qualify for the Home Affordable Modification Program," and thereby committed a violation of 5 M.R.S.A. § 207. Id. ¶ 57. There is no allegation of what the pecuniary injury is from that alleged misconduct, and once again I am highly doubtful that it meets the $75,000 amount.

Without Counts I, III and IV, it is doubtful that the remaining counts of the Complaint satisfy the jurisdictional amount requirement for diversity of citizenship. Although jurisdiction ordinarily is measured at the time of removal, claims that are clearly defective are generally not included in measuring the jurisdictional amount. See Corrada Betances v. Sea-Land Serv., Inc., 248 F.3d 40, 45 (1st Cir. 2001) ("[A] court can dismiss an action for insufficiency of the amount in controversy . . . when, from the face of the complaint, the court can conclude to a legal certainty that the plaintiff is not entitled to recover the threshold amount."); Saglioccolo v. Eagle Ins. Co., 112 F.3d 226, 232-33 (6th Cir. 1997) ("Although we are mindful that once jurisdiction has properly attached, it cannot be ousted by subsequent events,

appellant's . . . claim was defective from the start. In other words, it was clear from the face of the pleadings, . . . to a legal certainty, that the plaintiff cannot recover the amount claimed") (internal quotations omitted).

Accordingly Counts I, III and IV are **DISMISSED**. The parties shall show cause by May 11, 2011, why in light of the amount in controversy requirement, I should not remand Counts II, V and VI to state court for further proceedings.

**SO ORDERED.**

**DATED THIS 26TH DAY OF APRIL, 2011**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**